## HARVEY v. HARVEY.

1. Section 11, of article X., of the Constitution, which gives "the proceeds of all estates of deceased persons who have died without leaving a will or heirs" to the State School Fund, applies as well to those dying after the adoption of the constitution as to those dying before;

----

[1] See, also, *Genobles* v. *West*, 23 *S. C.*, 154, and *Whitesides* v. *Barber*, 24 *Id.*, 373. This question must surely now be regarded as settled.—REPORTER.

and an act of the legislature vesting such an estate in an individual is repugnant to this constitutional provision.

2. Where a person claims under this statute and demands partition of such estate, the opposing party may resist plaintiff's claim by asserting this invalidity in his title.

3. After a complaint is dismissed, there cannot be a decree adjusting rights of co-defendants; but the Circuit Judge erred in dismissing this complaint without passing upon all the issues involved.

Before COTHRAN, J., Spartanburg, June, 1885.

This was an appeal from a Circuit decree which dismissed a complaint for partition under the authority of *In re Malone's estate*, 21 *S. C.*, 435. The opinion states the case.

*Messrs. Wofford & Jennings* and *Stanyarne Wilson*, for plaintiff, his brothers and sisters.

*Messrs. Duncan & Sanders*, for Wm. Harvey.

*Mr. J. S. R. Thomson*, for Jonas Swink.

July 19, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The facts of this case, as found by the referee, are as follows: The defendant, Jonas Swink, in 1853, with a view to support his son, Jonas Harvey, an illegitimate son of Caroline Harvey, executed a paper under seal, in the presence of two witnesses, in which he stipulated that the rents and profits of a certain tract of land therein described, and which he stated therein that he had that day given to said Jonas Harvey, should go to the support of the said Jonas Harvey, provided that he should not conclude to sell said land, and apply the interest of the money to the same use; and in the event if he should not live to see the said Jonas Harvey arrive at age, then the paper should be authority to any one with whom it might be deposited, to apply the rents and profits to the use of the said Jonas Harvey until of age, and to call upon the executor or administrator of the said Jonas Swink for a full deed of the land to the said Jonas Harvey, binding himself and his heirs to the performance of the conditions, provided, however, that he,

Jonas Swink, should have the power to sell the said land, putting the money at interest until Jonas Harvey should arrive of age, and "then give him the principal instead of the land." This paper was recorded, and Caroline Harvey and her child, Jonas Harvey, went into possession, and remained together in possession until Jonas Harvey, some twenty years afterwards, moved to the State of Arkansas, where he died in August, 1874, being then over the age of twenty-one. Caroline, the mother, remained in possession of the land until her death in December, 1882.

That in February, 1882, an act of the legislature was passed, vesting all the property, real and personal, of which Jonas Harvey, deceased, was seized, in the said Caroline Harvey, her heirs and assigns; that the plaintiff, Joseph C. Harvey, and the defendants, Jemima Harvey, John H. Harvey, Franklin Harvey, and Canada McCravy, are brothers and sisters of Caroline Harvey, and her only heirs at law; that in August, 1881, the defendant, Jonas Swink, commenced action against Caroline Harvey, A. H. Ward, and Jemima Harvey, for the recovery of this land; that this action abated by the death of Caroline Harvey, as to her, but a verdict was rendered thereafter as to A. H. Ward and Jemima Harvey in favor of Jonas Swink; that the defendants, Jane Ward, A. H. Ward, and William Harvey, never claimed the land except through and under Jonas Harvey and Caroline Harvey.

Under the above state of facts the action below was commenced by the plaintiff, demanding partition of this land between himself and the other brothers and sisters of Caroline Harvey, some of the defendants, her only heirs at law. Jonas Swink was made a party defendant, as also A. H. Ward, Jane Ward, and William Harvey, in possession. Swink answered, claiming the land in fee, and stating that he had lately recovered judgment for the possession as against A. H. Ward and Jemima, or Mime Harvey, a sister of Caroline Harvey; that Jane Ward was now unlawfully in possession, and he demanded judgment that he be adjudged owner in fee and entitled to immediate possession as against all and every of the parties to this action. Jane Ward and William Harvey answered, claiming ownership and alleging possession and pleading the statute of limitations.

The referee, upon the above facts, .found as matters of law: 1st, that Jane Ward, A. H. Ward, and William Harvey had no interest in the land and were not entitled to remain in possession; 2d, that the instrument executed by Jonas Swink in 1853 was not a deed, but an agreement to convey the land in dispute to Jonas Harvey on his arriving at the age of twenty-one; 3d, that the plaintiff and the defendants, Jemima Harvey, John H. Harvey, Franklin Harvey, and Caroline McCravy, are the legal heirs of Caroline Harvey, who was the sole heir of Jonas Harvey, and as such heirs are entitled (except Jemima Harvey) to demand from the defendant, Jonas Swink, a good and sufficient conveyance each to one undivided fifth interest in the land in dispute; that the defendant, Jemima Harvey, is estopped by the judgment of Jonas Swink, above referred to, from making such demand. And he recommended that the possession of Jane Ward, A. H. Ward, and William Harvey be adjudged unlawful; that the conveyance above suggested from Jonas Swink be executed; and that after said conveyance, that the parties, heirs at law of Caroline Harvey, be allowed partition according to their rights.

This report upon exceptions was heard by his honor, Judge Cothran, who, holding that the act of 1882, by which the estate of Jonas Harvey was vested in his mother, Caroline Harvey, was unconstitutional, decreed that the plaintiff and the defendants who stood with plaintiff, claiming partition of the land, had no status in court. He therefore dismissed the complaint with costs, passing by all the other questions in the case, including those raised in the answer of defendant, Jonas Swink, as against the other defendants. After the decree of his honor, dismissing the complaint, was announced, a consent decree settling the rights of the defendant, Jonas Swink, and the defendant, Jane Ward, was proposed, whereby it was agreed that the land should be sold, and the proceeds divided, after payment of costs, between the said Jonas and the said Jane, as follows, to wit: 9–10ths to Jonas and 1–10th to Jane. This his honor declined; because the complaint having been dismissed, any further attempt to adjudge the matters in controversy would be irregular and illogical; and, moreover, the parties being *sui juris*, could make their own set-

tlement. This order was afterwards presented to his honor, Judge Wallace, who declined to consider it, on the ground that Judge Cothran had declined it.

All parties have appealed; the plaintiff on the ground that his honor erred in holding that the enabling act of 1882 is in conflict with art. X., sec. 11, of State Constitution, and conferred no rights upon these parties; and in holding that the other parties hereto are in a position to take advantage of the unconstitutionality of the act. Jonas Swink gave notice that in his appeal he would move this court to modify and amend the decree of Judge Cothran by incorporating therein the proposed consent decree, which he alleges that both Judge Cothran and Judge Wallace erred in not adopting; and failing in this, that this court would modify the decree of Judge Cothran and adjudge title and right of possession in the said Jonas Swink, on the ground of numerous alleged errors in the ruling of Judge Cothran in not sustaining objections to referee's report, &c. William Harvey also appealed upon grounds hereafter to be noticed, if necessary.

The first question presented is as to the constitutionality of the act of 1882, whereby the rights of Jonas Harvey were vested in his mother, Caroline Harvey. This question depends upon the construction which shall be given to section 11, article X., of the Constitution. That section is as follows: "The proceeds of all estates of deceased persons who have died without leaving a will or heirs, shall be securely invested and sacredly preserved as a State school fund, and the annual interest and income of said fund, together with such other means as the general assembly may provide, shall be faithfully appropriated for the purpose of establishing and maintaining free public schools, and for no other purposes or uses whatever."

Now, did the framers of the constitution intend that this section should apply only to those who had died previous to the adoption of that instrument, or did they intend to include those who might at any time die with the conditions and circumstances surrounding them as therein mentioned? The words producing doubt, or rather demanding interpretation, are these: "Of all deceased persons who have died without leaving a will or heirs, shall be securely invested." Under a very strict

and technical construction of these words, it might be thought at first that they referred entirely to the past, and only included such deceased persons as had died before the adoption of the constitution; but when we look at the conditions and circumstances attached and which were to determine the disposition of the estates of such deceased persons, we will at once see that they had no reference to time, but simply referred to the conditions and circumstances, and was the same as saying, that where one having died at any time leaving no will or heir, his estate should be securely invested, &c. This view is sustained by the further consideration, that the former construction would render the section almost nugatory and useless. We concur with the Circuit Judge, that the act of 1882, referred to, is in conflict with section 11, article X., of the Constitution, and therefore failed to invest Caroline Harvey with the rights of Jonas Harvey, and therefore that her heirs at law, plaintiffs and defendants, claiming through her, have no status in court.

But it is urged that the defendants have no right to raise this question; that only one whose rights are involved and whose interests are to be affected, can urge the unconstitutionality of an act of the legislature—citing *Cool. Con. Lim.*, 163. This is sound doctrine, and should not be disregarded. Respect for the legislature, as well as sound policy and principle, demand that acts should not be hastily and unnecessarily pronounced invalid. In this case, however, the heirs of Caroline Harvey claim through the act of 1882. It is a link, and the most important link, in their chain of titles. Before they can claim successfully a partition of the real estate in question, they must prove title, and claiming through this act as one of the links in the chain, they themselves necessarily bring it under the review of the court; and being thus brought under review, the court must pass upon it. We think there was no error in the Circuit Judge in considering the question, nor in ruling thereon.

Nor was there error in declining to incorporate the proposed consent decree, after he had dismissed the complaint. The decree of dismissal put the case beyond his jurisdiction, and also beyond the jurisdiction of his honor, Judge Wallace. It was substantially out of court.

We, however, think it was error on the part of the Circuit Judge to dismiss the complaint without deciding the other questions presented in the case, and especially those arising between the defendants, and the exceptions to the referee's report on the part of the defendants. And with the view to have these questions adjudicated,

It is the judgment of this court, that the judgment of the Circuit Court dismissing the complaint be reversed, and that the case be remanded for the hearing of those questions arising in the pleadings between the defendants.